# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KAREN SMITH,**
      **Plaintiff-Appellee,**

      v.                                      Case Nos. 15-C-0849
                                                          15-C-0851

**CAPITAL ONE BANK (USA) N.A., and**
**KOHN LAW FIRM S.C.,**
      **Defendants-Appellants.**

---

## DECISION AND ORDER

This is an interlocutory appeal from an order of the bankruptcy court granting summary judgment to the debtor on the issue of whether Capital One Bank (USA), N.A., and its law firm, Kohn Law Firm, S.C., violated the co-debtor stay by filing a lawsuit against the debtor's husband in connection with the husband's credit card account.

### I. BACKGROUND

On July 28, 2011, the debtor, Karen Smith, filed a Chapter 13 bankruptcy case. Prior to Smith's filing, her husband applied for and obtained a credit card from Capital One. The debtor is not a party to the account and is not personally liable for the account. However, the parties are domiciled in Wisconsin, which is a community property state (though Wisconsin uses the term "marital property" rather than "community property"). See Wis. Stat. ch. 766. Wisconsin's marital property law recognizes two categories of property: marital property and individual property. Wis. Stat. § 766.31. Each spouse has an undivided one-half interest in marital property. Wis. Stat. § 766.31(3). A spouse's interest in marital property can be used to satisfy a debt of the other spouse if the debt was

incurred during the marriage in the interest of the marriage or family.  See Wis. Stat. § 766.55.  For purposes of this appeal, Capital One does not dispute that the charges Mr. Smith made to his account were incurred during the marriage and in the interest of the marriage or family.  Thus, although the debtor is not a party to the account and is not personally liable for the debt, Capital One could use the couple's marital property to satisfy the debt.  For this reason, the debtor listed Capital One as a holder of an unsecured "community claim" on the schedules attached to her bankruptcy petition.  See 11 U.S.C. § 101(7) (defining "community claim" as a claim for which community property is liable).  However, the debtor's spouse did not join the bankruptcy case and is not listed as a co-debtor in the schedules.

On July 21, 2014, Capital One, through Kohn Law Firm, filed a lawsuit in state court against Mr. Smith and obtained a judgment against him for unpaid obligations due on the credit card account.  The debtor was not a party to the lawsuit.  To date, Capital One has not taken any action to collect the judgment from the couple's marital property.  Indeed, Capital One could not collect the judgment from marital property without violating the automatic stay, see 11 U.S.C. § 362(a)(2)–(5), because under the Bankruptcy Code, the debtor's interest in marital property is generally deemed property of the estate, 11 U.S.C. § 541(a)(2).

On February 5, 2015, the debtor filed an adversary complaint against Capital One and Kohn Law Firm, alleging that by filing the lawsuit against Mr. Smith in connection with the account and obtaining a judgment against him, they violated the co-debtor stay imposed by 11 U.S.C. § 1301(a).  The debtor filed a motion for summary judgment on the question of whether the Capital One account was subject to the co-debtor stay.  The

2

bankruptcy court determined that it was and granted the motion. Capital One and Kohn Law Firm sought leave to file an interlocutory appeal from this ruling, and I granted such leave. I now turn to the merits of the appeal.

## II. DISCUSSION

Because this appeal calls for a review of the bankruptcy court's legal conclusion, my review is de novo. See, e.g., Freeland v. Enodis Corp., 540 F.3d 721, 729 (7th Cir. 2008).

The provision of Bankruptcy Code relating to the co-debtor stay, 11 U.S.C. § 1301(a), provides in relevant part that "a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt." The purpose of this provision is to enable a debtor "to propose a repayment plan without undue pressure to give preference to a debt involving a co-signer." Harris v. Fort Oglethorpe State Bank, 721 F.2d 1052, 1053 (6th Cir. 1983). As the House Report on the Bankruptcy Reform Act of 1978 explains, a creditor with a co-signer on a note is often able to use the threat of collection from the co-signer, who often will be a close family member or friend of the debtor, as leverage to obtain preferential treatment from the debtor. Specifically, the creditor may exploit the moral pressure the debtor may feel to repay the debt outside of his or her plan to prevent the creditor from immediately turning to the friend or relative for payment. This practice, if successful, makes a Chapter 13 plan more difficult to complete: because the debtor has the obligation to repay the creditor outside the plan in addition to the obligation to make payments under the plan, he or she is more likely to default. Thus, to encourage the successful completion of Chapter 13 plans, Congress adopted the co-debtor stay, which requires a creditor to abstain from taking action against the co-signer

3

during the bankruptcy and to wait for payment through the Chapter 13 plan. H.R. Rep. No. 95-595, at 121–22 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6082–83.

The present case does not present the problem that Congress had in mind when it adopted the co-debtor stay. Mr. Smith is not a co-signer or otherwise jointly liable with the debtor in connection with the debt at issue. Rather, the credit card debt is his own. However, as noted, because the debt was incurred for purposes of the marriage or family, the couple's marital property could be used to satisfy the debt.[1] The bankruptcy court concluded that the availability of marital property to satisfy the debt made the debt a "consumer debt of the debtor" within the meaning of § 1301(a). The court's logic was as follows: (1) the Code instructs courts to construe the phrase "claim against the debtor" (which does not appear in § 1301(a)) to include a "claim against the property of the debtor," 11 U.S.C. § 102(2); (2) under Wisconsin marital property law, the "property of the debtor," i.e., her marital property, can be used to satisfy the Capital One debt; (3) therefore, Capital One has a "claim against the debtor"; (4) the Bankruptcy Code defines "debt" as "liability on a claim," 11 U.S.C. § 101(12); (5) therefore, a "claim against the debtor" is the same thing as a "debt"; (6) therefore, the Capital One account qualifies as a "debt of the debtor" within the meaning of § 1301(a).

The bankruptcy court's logic is not without force. However, it depends on adding together various definitions that appear in different sections of the Code. There is reason to doubt Congress intended these definitions to be applied to § 1301(a) in this manner.

---

[1] Importantly, however, any individual property the debtor may have could not be used to satisfy the debt, even though the debt was incurred for purposes of the marriage or family. See Wis. Stat. § 766.55(2)(b). Thus, it is not accurate to say, as the debtor has in her brief, that she is herself liable for the debt. Br. at 10.

4

First, the operative phrase that appears in § 1301(a) is "consumer debt of the debtor," not "claim against the debtor," which is the phrase subject to the rule of construction in § 102(2) under which a claim is against the debtor if it is against the property of the debtor. It would be anomalous for Congress to take special care to define the phrase "claim against the debtor" but then omit it from § 1301(a) if it intended the co-debtor stay to apply to claims on which the debtor is not personally liable but which a creditor can satisfy from her property. Indeed, the phrase "claim against the debtor" appears in twenty separate sections of the Bankruptcy Code, see Collier on Bankruptcy ¶ 102.03 n.1 (16th ed.), which implies that its omission from § 1301(a) was intentional. Moreover, both the rule of construction governing "claim against the debtor" and § 1301(a) were adopted as part of the same Act, i.e., the Bankruptcy Reform Act of 1978. See Collier on Bankruptcy ¶¶ 102.LH[1], 1301.LH. This lends further support to the conclusion that the omission of the phrase "claim against the debtor" from § 1301(a) was intentional. See Russello v. United States, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Thus, the best inference to draw is that Congress did not intend for courts to import the phrase "claim against the debtor" into § 1301(a) via the Code's general definition of the term "debt."

Second, the purpose of the co-debtor stay is to prevent a creditor from threatening to go after property <u>other than the debtor's</u>, not to protect the debtor's property, which is already protected by the automatic stay, see 11 U.S.C. §§ 362(a)(2)–(5), 541(a)(2). As discussed above, the co-debtor stay is intended to prevent a creditor from threatening to

5

Case 2:15-cv-00849-LA   Filed 01/28/16   Page 5 of 8   Document 8

satisfy its claim from the assets of a co-signer, which are not protected by the automatic stay, if the debtor does not agree to repay the debt outside the Chapter 13 plan. Thus, it is not consistent with the purpose of § 1301(a) to deem a debt a "debt of the debtor" simply because the creditor could satisfy that debt from the debtor's property.

Another reason why the bankruptcy court's interpretation is at odds with the purpose of § 1301(a) is that a creditor could not leverage the debtor's interest in marital property to obtain preferential treatment from the debtor. In the co-signer situation, which Congress had in mind when drafting § 1301(a), the debt at issue is primarily the debtor's, and the creditor attempts to obtain preferential treatment from the debtor by exploiting the guilt the debtor would feel if a close family member or friend were forced to pay the debt. But the availability of the debtor's marital property to satisfy a spouse's debt does not give the creditor a similar opportunity to gain preferential treatment from the debtor. Although the debtor may prefer that his or her spouse not be sued, the co-debtor stay does not prohibit all lawsuits against non-debtor spouses of debtors, and the availability of marital property to satisfy the spouse's debt does not make a threat to sue the debtor's spouse any more coercive than if only the spouse's property were available to satisfy the debt. Thus, the availability of marital property should not be a factor that determines whether a creditor's action violates the co-debtor stay.

Finally, I note that the debtor contends that a creditor could have no legitimate reason to sue a debtor's spouse in a marital property state, since the automatic stay would prohibit the creditor from collecting the judgment from the couple's marital property. However, this overlooks the possibility that the spouse may have individual property, which under Wisconsin law is available to satisfy a debt the spouse incurred in the interest of the

marriage or family.  See Wis. Stat. § 766.55(2)(b).  For example, the spouse may have received a substantial gift or inheritance from a third person, which would be individual property rather than marital property, id. § 766.31(7)(a), and thus be available to satisfy the spouse's debt.  The debtor points out that, in this case, Mr. Smith owns no individual property, and she contends that Capital One knew that Mr. Smith owns no individual property.[2]  But §1301(a) applies beyond the facts of this case, and in some cases the non-debtor spouse will have individual property that is available to satisfy the debt.  The important point is that there is no reason to interpret § 1301(a) as prohibiting a creditor from obtaining a judgment against the non-debtor spouse in connection with that spouse's own debt and collecting the judgment from whatever individual property he or she may have.

For these reasons, I conclude that the phrase "debt of the debtor," as used in § 1301(a), does not include a debt for which the debtor is not personally liable but that may be satisfied from the debtor's interest in marital property.  Accordingly, Capital One and Kohn Law Firm did not violate the co-debtor stay by filing a lawsuit against the debtor's husband in connection with his credit card account.

### III.  CONCLUSION

For the reasons stated, **IT IS ORDERED** that the decision of the bankruptcy court is **REVERSED**.

---

[2]Capital One contends that it did not know at the time of commencing the suit that Mr. Smith did not own individual property.  Capital One also points out that, even it knew that Mr. Smith did not own individual property at that time, the lawsuit would still have a legitimate purpose because the judgment could be collected from any individual property that Mr. Smith might acquire in the future.

7

Dated at Milwaukee, Wisconsin this 28th day of January, 2016.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge

8

Case 2:15-cv-00849-LA   Filed 01/28/16   Page 8 of 8   Document 8